IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

MERETTA WEBBER,

      Plaintiff,

v.

FISERV CIR., INC., and
THIRD PARTY SOLUTIONS, INC.,

      Defendants.

Case No. _____

---

## COMPLAINT

---

Comes Now, Meretta Webber, the above named Plaintiff and hereby sue the Defendants, Fiserv Cir., Inc. and Third Party Solutions, Inc. for reasons stated *infra*.

## VENUE

Venue is pursuant to 28 U.S.C. § 1391(c). Venue is proper because of the Plaintiff resides and the Defendants' business is located in the Western District of Tennessee. Furthermore, the acts complained of below occurred in the Western District of Tennessee.

## JURISDICTION

Jurisdiction is pursuant to 42 U.S.C. § 2000e *Et. Seq. aka* The Civil Rights Acts of 1964, *as amended in* 1991 *(Pub. L. 102-166)*.

This action is also being brought pursuant to The Americans With Disability Act of 1990, Title I, *(Pub. L. 101-336)* and *as amended* aka 42 USC § 12101 *Et. Seq. (Title I of the ADA, which became effective for employers with 25 or more employees on July 26, 1992, prohibits employment discrimination against qualified individuals with disabilities. As of July 26, 1994, Title I also applies to employers with 15 or more employees.) (The*

*Civil Rights Act of 1991 (Pub. L. 102-166) (CRA) amends sections 101(4), 102 and 509 of the ADA).*

Plaintiff seeks additional claims under the Age Discrimination in Employment Act of 1967 *(Pub. L. 90-202) (ADEA), as amended, as it appears in volume 29 of the United States Code, beginning at section 621. The ADEA prohibits employment discrimination against persons 40 years of age or older.* The Older Workers Benefit Protection Act *(Pub. L. 101-433) amends several sections of the ADEA. In addition, section 115 of the Civil Rights Act of 1991 (P.L. 102-166) amends section 7(e) of the ADEA (29 U. S.C. 626(e)).*

The Family and Medical Leave Act of 1993 codified as 29 C.F.R. § 825 is also a jurisdictional reason that Plaintiff has filed this lawsuit.

Pendent tort actions are also being brought in this action, namely, but not limited to, harassment, intentional infliction of emotional distress, negligent infliction of emotional distress and other pertinent tort actions.

*Plaintiff has exhausted her administrative remedies before the Equal employment Opportunity Commission and has attached a copy of the Dismissal and Notice of Rights letter, also known as "Right to Sue" letter from the EEOC.*

## PARTIES, LEGAL FRAMEWORK AND FACTUAL BACKGROUND

1.      Plaintiff Meretta Webber, age 46, is a resident of Shelby County Tennessee and is a former employee of Defendants Fiserv and Third Party Solutions.

2.      Defendant Fiserv, hereinafter called Fiserv, is registered with the Tennessee Secretary of State as a foreign corporation, with an address of 255 Fiserv Drive Brookfield, WI 53008-0979.

3.     Defendant Third Party Solutions, hereafter called Third Party Solutions, who is owned by Defendant Fiserv, is registered with the Tennessee Secretary of State as a foreign corporation but have a principal office address of 2650 Thousand Oaks Blvd Suite 1400 Memphis, Tennessee 38118.

4.     Plaintiff has been subjected to the intentional discriminatory actions of Defendants causing her mental, physical and financial harm.

5.     Plaintiff has been subjected to harassment, threatened with termination for missing days covered by sick leave, annual leave or vacation leave and leave covered by the Family and Medical Leave Act (FMLA) in violation of the Act because your Plaintiff was born a black female and because she is over the age of 40.

6.     Plaintiff has been subjected to unequal treatment regarding bereavement leave because she is a black human being, female and over the age of 40.  This is in direct violation of the Civil Rights Act of 1964.  The act was committed by the Defendants by and through the intentional and negligently malicious and discriminatory acts of the Defendants.

7.     Plaintiff has been denied equal incentive pay because of her being born a black person, female and her age, who is over 40.

8.     Plaintiff has been subjected to a hostile working environment by Defendants, wherein if any reasonable and prudent person in her shoes would also consider the unequal and fair treatment so hostile that he or she would've considered or have resigned.

## CIVIL RIGHTS ACT OF 1964 AS AMENDED CLAIM

9.     The allegations of Paragraphs 1-8 of the Complaint are here restated as though each were set forth verbatim.

10.     Title VII of the Civil Rights of 1964, 42 USC 2000e, makes it unlawful for an employer to hire or discharge any individual, or otherwise discriminate against any individual with respect to his/her compensation, terms, conditions or privileges of employment, because of an individual's race, color, religion, sex or national origin. This covers hiring, firing and all workplace conduct.

11.     Plaintiff is a member of a protected class (Black and Female)

12.     Plaintiff was employed by the Defendant for over 12 years prior to the filing of this complaint.

13.     Defendants subjected Plaintiff to discriminatory treatment by treating her disparately when compared to similar situated non protected class members' employees with the same chain of command under the CRA, wherein the initial purpose of the said Act was created.

14.     Plaintiff has challenged what she believed was discrimination to her superiors.

15.     Defendants failed to act of her complaint of discrimination, except by retaliating against her.

16.     Plaintiff plans to show discriminatory intent.

AMERICANS WITH DISABILITIES ACT CLAIM

17.     The allegations of Paragraphs 1-16 of the Complaint are here restated as though each were set forth verbatim.

18.     Plaintiff has a disability pursuant to the Americans with Disabilities Act of 1990.

19.     Plaintiff was disregarded by the Defendants as being a disabled person.

20.     Plaintiff's disability substantially limits Plaintiff's ability to perform a major life activity.

21.    Plaintiff has a record of her disability wherein the Defendant has a copy thereof.

22.    Plaintiff was treated disparately than similar situated non disabled employees, who are in the same chain of command and same work unit as Plaintiff.

## AGE IN DISCRIMINATION ACT CLAIM

23.    The allegations of Paragraphs 1-22 of the Complaint are here restated as though each were set forth verbatim.

23.    The Age in Discrimination Act of 1967 protects individuals who are 40 years of age or older from employment discrimination based on age.

24.    Plaintiff is well over the age of 40.

25.    Plaintiff was treated disparately compared to similar situated employees in her same chain of command because of his age by Defendant.

26.    Plaintiff has challenged what she thought was age discrimination to Defendant.

27.    It is also unlawful to retaliate against an individual for opposing employment practices that discriminate based on age.

28.    Defendants retaliated against the Plaintiff for challenging their conduct as being discriminatory based on race, sex, disability and age.

29.    Defendants acted intentional, negligently and maliciously.

## OLDER WORKERS BENEFIT PROTECTION ACT

30.    The allegations of Paragraphs 1-29 of the Complaint are here restated as though each were set forth verbatim.

31.    The older Worker's Protection Act of 1990 is a federal law that makes it illegal for an employer to use an employee's age to discriminate in benefits.

32.    Defendants have a benefit of incentive pay that should be fairly administered.

33.    Defendants refused to fairly distribute incentive pay to Plaintiff, although she earned it and otherwise qualified for it.

34.    Defendants exclusively treated Plaintiff disparately in the incentive pay benefit because of her race, sex, disability and age.

## FAMILY AND MEDICAL LEAVE ACT CLAIM

35.    The allegations of Paragraphs 1-34 of the Complaint are here restated as though each were set forth verbatim.

36.    Plaintiff qualified for Family and Medical Leave due to her disability and was off work for the same.

37.    She also qualified for sick leave and was off work for the same.

38.    Due to Plaintiff's race, sex, disability, age and in direct violation of the FMLA, Defendants threatened to discipline her for being off work.

39.    Defendants caused Plaintiff undue stress and heartaches dealing with this situation, which was uncalled for based on discriminatory factors under the law, as described above and herein.

## CONCLUSION

40.    The allegations of Paragraphs 1-39 of the Complaint are here restated as though each were set forth verbatim.

41.    Defendants have caused intentional infliction of emotional distress on Plaintiff.

42.    Plaintiff had to constantly challenge the Defendant's unwarranted actions, briefly described above.

43.    Plaintiff has had to deal with and go through the stress for each discriminatory tortuous and unlawful actions one after another that inflicted undue stress on Plaintiff.

44.    Defendants intentionally inflicted emotional distress on Plaintiff causing her working environment to be hostile towards her.

45.    Defendants knew that the actions they were committing against the Plaintiff were unjustified but intentionally and negligently did so to harass her.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff prays that this court grant to her the following relief:

A.    That this Court treat her with the same dignity, respect and courtesy offered to attorneys practicing before this court, although your Plaintiff is not an officer of the court,

B.    That all issues argued herein be tried before a jury,

C.    That judgment is entered against the Defendants and this court award to Plaintiff Compensatory Damages in the amount of $300,000,

D.    That judgment is entered against the Defendants and this court award to Plaintiff Punitive Damages in the amount of $500,000,

E.    That judgment is entered against the Defendants and this court award to Plaintiff Damages for Tort Actions in the amount of $300,000,

F.    That Plaintiff is awarded the cost of all medicals and all costs associated with the filing of this complaint, and

G.    All other relief under statute, equity and common law that this court deems just and necessary.

Plaintiff Reserves Her Right to Amend this Complaint.

Respectfully submitted on this 14th day of August 2007,

Meretta Webber, Plaintiff
5884 Port Haven Drive
Millington, Tennessee 38053
(901) 873-1178

EEOC Form 161 (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Meretta Webber
5884 Port Haven Dr.
Millington, TN 38053

From: Memphis District Office
1407 Union Avenue
Suite 901
Memphis, TN 38104

[ ] On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2006-00331 | Karen Booker, Investigator | (901) 544-0154 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Katharine W. Kores,
Director

MAY 1 6 2007

*(Date Mailed)*

Enclosures(s)

cc: