# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| MERETTA WEBBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 2:07-CV-02534-SHM |
| vs. | ) |
| | ) |
| FISERV CIR., INC., and THIRD | ) |
| PARTY SOLUTIONS, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANTS' STATEMENT OF
## MATERIAL FACTS

In accordance with Local Rule 7.2 (d), Defendants Fiserv CIR, Inc. ("Fiserv CIR")

and Third Party Solutions, Inc. ("TPS" or the "Company") (collectively "Defendants"),

respectfully submit this statement of material facts in support of their motion for summary

judgment. The portions of the record supporting each of these facts are indicated below and

are attached to the Memorandum of Facts and Law in Support of Defendants' Motion for

Summary Judgment.

### MATERIAL FACTS

1.     Plaintiff was employed by TPS from 1993 until February 26, 2007. (Affidavit of

Todd Walsh ¶ 4 [hereinafter "Walsh Aff."].)

2.     Plaintiff was on a voluntary leave of absence from TPS from February 2006 to

February 26, 2007. (Walsh Aff. ¶ 4.)

-1-

3.     Plaintiff filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Western District of Tennessee on October 30, 2000 [hereinafter "2000 Bankruptcy Petition"]. (2000 Bankruptcy Petition: Certified Docket Sheet.)

4.     Plaintiff amended her 2000 Bankruptcy Petition on January 10, 2001. (2000 Bankruptcy Petition: Certified Docket Sheet.)

5.     Plaintiff filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the Western District of Tennessee on November 21, 2002 [hereinafter "2002 Bankruptcy Petition"]. (2002 Bankruptcy Petition: Certified Docket Sheet.)

6.     John E. Dunlap, Esq. represented Plaintiff in the 2002 Bankruptcy Petition. (2002 Bankruptcy Petition: Certified Docket Sheet.)

7.     Plaintiff filed a charge of discrimination with the Tennessee Human Rights Commission and the U.S. Equal Employment Opportunity Commission ("EEOC Charge") on March 13, 2006. (Walsh Aff. ¶ 6, exhibit A.)

8.     Plaintiff did not disclose her EEOC Charge to the Bankruptcy Court handling the 2002 Bankruptcy Petition. (See 2002 Bankruptcy Petition: Certified Docket Sheet.)

9.     Plaintiff's 2002 Bankruptcy Petition was dismissed on December 19, 2006 due to Plaintiff's failure to make payments. (2002 Bankruptcy Petition: Certified Docket Sheet.)

10.    Plaintiff filed a Chapter 13 Bankruptcy Petition in the United States Bankruptcy Court for the Western District of Tennessee on January 30, 2007 [hereinafter "2007 Bankruptcy Petition"]. (2007 Bankruptcy Petition: Certified Docket Sheet.)

11.    John E. Dunlap, Esq. represented Plaintiff in the 2007 Bankruptcy Petition. (2007 Bankruptcy Petition: Certified Docket Sheet.)

-2-

12.     Plaintiff marked "none" on her 2007 Bankruptcy Petition "Statement of Financial Affairs" where she was required to "[l]ist all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case." (2007 Bankruptcy Petition: Voluntary Petition—Statement of Financial Affairs ¶ 4.)

13.     Plaintiff submitted the responses to her 2007 Bankruptcy Petition "Statement of Financial Affairs" under penalty of perjury. (2007 Bankruptcy Petition: Voluntary Petition—Statement of Financial Affairs.)

14.     Plaintiff marked "none" on her 2007 Bankruptcy Petition "Schedule B. Personal Property" form where she was required to list all "other contingent and unliquidated claims of every nature..[and]...Give [the] estimated value of each." (2007 Bankruptcy Petition: Voluntary Petition—Schedule B ¶ 21.)

15.     Plaintiff submitted the responses to her 2007 Bankruptcy Petition "Schedule B. Personal Property" form under penalty of perjury. (2007 Bankruptcy Petition: Voluntary Petition—Declaration Concerning Debtor's Schedules.)

16.     Plaintiff did not disclose her EEOC Charge on any of the documentation associated with her 2007 Bankruptcy Petition. (2007 Bankruptcy Petition: Voluntary Petition.)

17.     Plaintiff was issued a Notice of Right to Sue from the Equal Employment Opportunity Commission on May 16, 2007. (Attachment to Complaint.)

18.     On August 14, 2007, Plaintiff filed a Complaint against Defendants alleging violations of the Americans with Disabilities Act, the Age Discrimination in Employment Act, the Family and Medical Leave Act, and Title VII of the Civil Rights Act of 1964, as

-3-

amended, which were based in part on the allegations that were the subject of her EEOC Charge. (Complaint.)

19.     In her Complaint, Plaintiff valued her claims against Defendants at over one million dollars. (Complaint.)

20.     Plaintiff did not amend the documentation associated with her 2007 Bankruptcy Petition to disclose her lawsuit against Defendants. (2007 Bankruptcy Petition: Certified Docket Sheet.)

21.     Plaintiff did not file any documents with the Bankruptcy Court disclosing her lawsuit against Defendants. (2007 Bankruptcy Petition: Certified Docket Sheet.)

22.     On October 31, 2007, Plaintiff filed a motion to modify her Bankruptcy Plan with the Bankruptcy Court. (2007 Bankruptcy Petition: Pre-Confirmation Motion to Modify Plan.)

23.     The Bankruptcy Court granted Plaintiff's motion to modify her Bankruptcy Plan on December 7, 2007. (2007 Bankruptcy Petition: Consent Order Resolving Pre-Confirmation Motion to Modify Plan.)

24.     On December 19, 2007, Plaintiff filed a motion with the Bankruptcy Court seeking permission to employ her bankruptcy counsel in a civil action regarding an auto accident. (2007 Bankruptcy Petition: Certified Docket Sheet.)

25.     The Bankruptcy Court dismissed Plaintiff's 2007 Bankruptcy Petition on January 14, 2008 as a result of Plaintiff's failure to comply with court orders. (2007 Bankruptcy Petition: Order Dismissing Case.)

        Respectfully submitted this 18th day of February, 2008.

-4-

s/ Susan W. Pangborn

Susan W. Pangborn
*SPangborn@KilpatrickStockton.com*
Admitted *Pro Hac Vice*
Yendelela M. Neely
*YNeely@KilpatrickStockton.com*
Admitted *Pro Hac Vice*
KILPATRICK STOCKTON LLP
1100 Peachtree Street
Suite 2800
Atlanta, Georgia  30309
Telephone:  (404) 815-6500
Facsimile:  (404) 815-6555

Local Counsel:
John S. Golwen
Tennessee Bar No. 14324
Clarence A. Wilbon
Tennessee Bar No. 23308
BASS BERRY & SIMS, PLC
100 Peabody Place, Suite 900
Memphis, Tennessee 38103-3672
Telephone:  (901) 543-5900
Facsimile:  (901) 543-5999

Attorneys for Defendant Third Party
Solutions, Inc.

-5-